UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

IN RE:                                                          Case No: 11-11370

Jose Gaitan
Tammy Gaitan

        DEBTORS

# AMENDED CHAPTER 13 PLAN
(October 11, 2011)

1. **PAYMENTS**

   The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments shall be 2 months at $265 and 58 months in the amount of $438. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors.

2. **PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS**

   The following pre-confirmation adequate protection payments on claims secured by personal property shall be paid by the Trustee to the below listed creditors. The Debtor proposing pre-confirmation payments will commence these payments to the Trustee within 30 days of the date this Plan was filed or the Order of Relief, whichever is earlier. Creditors must file a proof of claim to receive payment from the Trustee. Payments by the Trustee should commence to these Creditors within 30 days of the filing of the proof of claim. Upon a pre-confirmation dismissal, all adequate protection order payments held by the Trustee shall be disbursed to Creditors.

| Name of Creditor | Collateral | Collateral Value | Secured Debt Amount | Monthly Payment |
|---|---|---|---|---|
| Exchange Bank | Business Equipment | $12,000 | $28,731.76 | $221 |

3. **ADMINISTRATIVE COSTS**

   Trustee shall receive a percentage of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

   Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

| Total Fees and Costs Requested | Fees & Costs Received | Fees & Costs Owed |
|---|---|---|
| $6,000.00 | $3,000.00 | $3,000.00 |

Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2 above and will be paid with Secured Debt as listed in Section 3 below.  Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

4. **SECURED CLAIMS**

   Secured Creditors will retain their liens until their allowed secured claims have been paid.

A) **Post-Confirmation Payments on Personal Property**

The Debtor seeks a determination that the value of the collateral is as set forth below.  Failure to object to this listed amount shown may result in the Creditor's secured claim being limited to the collateral value amount listed

| Name of Creditor | Collateral | Collateral Value | Secured Debt Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Exchange Bank | Business Equipment | $12,000 | $28,731.76 | 4% | $221 |

B) **Post Petition Payments on Real Property Debt Paid by Debtor**

| Name of Creditor | Property Address | Payment |
|---|---|---|
| Citimortgage fdba Abn Amro Mortgage Group | 2969 Dalley Drive. Santa Rosa, CA | $1,995 |

C) **Pre-Petition Debt on Real Property - Loan Modification**

   The Pre-petition debt to Abn Amro Mortgage Group of approximately $10,500 secured by a deed of trust on the debtor's residence at 2969 Dalley Drive. Santa Rosa, CA will be paid through a loan modification.

D) **Pre-Petition Debt on Real Property (Property Tax)**

   The Trustee shall pay defaulted real property debt.  This prorata payment for defaulted real property debts will begin after payment in full of the Attorney fees and costs listed in section 3 above.

| Name of Creditor | Property Address | Defaulted Debt | Interest |
|---|---|---|---|
| Sonoma County Tax Collector | 2969 Dalley Drive. Santa Rosa, CA | $4,627.60 | 18 |

E) **Lien Avoidance - Real Time Resolutions**

   The petitioners have filed their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request the court to determine the value of the lien held by Real Time Resolutions.  The petitioners contend Real Time Resolutions

should be paid as a general unsecured claim because the lien has no value. The motion further requests that the court avoid the lien pursuant to 11 USC § 1322 upon completion of the plan and the entry of discharge.

5. **PRIORITY TAX CLAIMS**:

| Name of Creditor | Address | Amount Due |
|---|---|---|
| Internal Revenue Service | Attn: Dave Lagos<br>777 Sonoma Avenue<br>Santa Rosa, CA 95404 | $501.68 |
| Employment Development Department | P.O. Box 826880<br>Sacramento, CA 94280 | $1,082.60 |

6. **OTHER UNSECURED DEBTS**

Allowed unsecured claims in Section 5 shall be paid prorata all remaining funds, after payment of the debts described above. The amounts paid in Section 5 are estimated to be 0% percent of unsecured non-priority debts.

7. **FEDERAL TAX RETURNS**

Trustee is to be provided, thru the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2011 tax year, by May 15th of the year following the year of the return. Trustee may request and Debtor must supply current income and expense information, on required Trustee forms, for each of the years that the tax returns are provided.

8. **PROPERTY TO REVEST**

The Debtor elects to have property of the estate revest in the Debtor upon Plan confirmation. Once the property revests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

9. **LOAN MODIFICATION**

The deed of trust with Abn Amro Mortgage Group (hereinafter Creditor) encumbers real property located at 2969 Dalley Drive. Santa Rosa, CA, and secures a loan that is the subject of a pending application to modify loan. The monthly payment listed in Section 3A represents a projected payment under the pending application to modify loan, and may not be the applicable payment once the pending application to modify loan is approved or denied.

If Creditor approves the pending application to modify loan, the monthly payment Debtor is to pay directly to Creditor under Section 3A of the Plan shall be the amount specified in the loan modification. If Creditor approves the application to modify loan on terms that change the amount of arrears to be paid under Section 3B of the Plan, alters Plan payments Debtor is to pay Trustee, or adversely affects the amount to be paid to unsecured creditors, Debtor shall file an amended Plan reflecting such changes, within 14 days of receipt of the approval.

As long as an application to modify loan is pending, the Trustee will not make payment on account of any pre-petition arrears claimed and filed by Creditor.

If Creditor denies the application to modify loan, Debtor shall, within 14 days from the mailing of written notice by the Creditor denying the application, file an amended Plan providing in Section 3A for full monthly post-

petition payments, and providing in Section 3B for the full payment of pre-petition and post-petition arrears. Pre-petition arrears are estimated to be $10,500.

In the event Debtor fails timely to file an amended Plan as provided for above: (1) this Plan is by its own terms amended to provide that Creditor's rights under applicable non-bankruptcy law are not modified in any respect by this Plan; (2) Debtors shall be deemed to be in material default under the Plan; and (3) the Trustee or Creditor may, upon proper notice, file a motion for relief from stay or a motion to dismiss the case based on such default.

Dated: October 11, 2011                             */s/ Michael C. Fallon*
                                                                                          Michael C. Fallon
                                                                                          Attorney for Debtors